UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SIMPSON v. NEW PRIME, INC., ET AL.

ORDER ON MOTION IN LIMINE
15 Civ. 5392 (VMS)

Vera M. Scanlon, United States Magistrate Judge:

By letter motion at [ECF No. 72], Plaintiff Simpson seeks to preclude at trial Defendants' experts Fischer, Struble, Lacek and Turner under Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, and FRE 702.  Defendants oppose at [ECF No. 74], and Plaintiff replies at [ECF No. 75].  The Court has reviewed all of the parties' submissions and denies the motion.  Based on the submissions at [ECF Nos. 72, 74 and 75], it appears that during the upcoming January 2023 trial, Defendants' experts would be qualified to testify as experts; their testimony would be admissible; their opinions would not invade the province of the jury; and their opinions would not be speculative, contrary to the arguments raised by Plaintiff at [ECF Nos. 72 and 75].  Instead, the arguments raised by Plaintiff go to the weight and persuasiveness of the proffered experts' opinions, and do not require the Court to preclude the contested testimony.  See Bocoum v. Daimler Trucks NA LLC, No. 17 Civ. 7636 (JPC) (BCM), 2022 WL 902465, at *14-19 (S.D.N.Y. Mar. 28, 2022).

> Under FRE 702,
>
> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The proponent of expert testimony bears the burden of establishing its admissibility by a preponderance of the evidence.  See United States v. Williams, 506 F.3d 151, 160 (2d Cir. 2007), citing Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 593 n.10 (1993).  "[T]he rejection of expert testimony is the exception rather than the rule."  Advisory Committee Notes to the 2000 Amendments to Fed. R. Evid. 702.  "The admission of expert testimony is committed to the broad discretion of the District Court and will not be disturbed on review unless found to be 'manifestly erroneous.'"  United States v. Wexler, 522 F.3d 194, 204 (2d Cir. 2008), citing United States v. Duncan, 42 F.3d 97, 102 n.3 (2d Cir. 1994).  Instead, in response to the expert testimony at trial, Plaintiff may offer her own competing experts and testimony, and her attorneys may cross examine Defendants' experts.  See Daubert, 509 U.S. at 596 ("vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence").

Under Rule 702, the first step in determining the admissibility of expert testimony is "whether the expert is qualified to testify."  Zaremba v. General Motors Corp., 360 F.3d 355, 360 (2d Cir. 2004). The United States Court of Appeals for the Second Circuit has interpreted this qualification requirement liberally. McCullock v. H.B. Fuller Co., 61 F.3d 1038, 1043 (2d Cir. 1995).  The second step requires the Court to conduct a preliminary assessment of whether FRE 702(b)-(d) appear to be satisfied, although the final decision on admissibility may be made a trial.  Applying these guidelines in this case, the proposed testimony of Defendants' experts Fischer, Struble, Lacek and Turner meets the requirements to allow the testimony to be presented at trial.  First, "[i]t is well settled that biomechanical experts are permitted to opine as to general causation of injuries in motor vehicle accident cases—that is, whether the force

2

sustained by a "plaintiff in the subject accident could potentially cause certain injuries." Thomas v. YRC Inc., No. 16 Civ. 6105 (AT) (HBP), 2018 WL 919998, at *5 (S.D.N.Y. Feb. 14, 2018) (quotation & citations omitted). The testimony of such experts may be restricted regarding specific injury causation unless the expert has medical training. Here, Defendants propose to offer testimony about, inter alia, "whether the accident provided injury mechanisms consistent with the cervical spine, lumbar spine, left shoulder and left knee pathologies identified in [Plaintiff's] medical records." [ECF No. 72-1, p.1]. Testimony of this type from a biomedical expert is permissible. See, e.g., Laureano v. City of New York, No. 17 Civ. 181 (LAP), 2021 WL 3272002, at *3-4 (S.D.N.Y. July 30, 2021). So long as the biomechanical expert opines only as to what injuries would generally occur from a particular incident and does not opine specifically regarding the causation of Plaintiff's alleged injuries, the testimony would be allowed. To the extent the biomechanical expert seeks to go beyond this proposed testimony and comment on Plaintiff's particular alleged injuries and medical care, such testimony would not be permitted at trial. Defendants also propose to offer accident-reconstruction testimony "to reconstruct the subject accident and to thereby evaluate the accident modality and the associated vehicle kinematics." [ECF No. 72-2, p.1]. This kind of testimony is also permissible. See Salahuddin v. United States, 564 F. Supp. 3d 75, 81-86 (E.D.N.Y. 2021).

Second, Defendants' experts' proposed testimony relies on an extensive evaluation of the records in this case such that it can be offered at trial. Whether the omissions highlighted by Plaintiff are sufficient to undermine the value of the testimony—that the experts did not accurately review or evaluate the testimony of certain witnesses or visit the location of the accident—is a question for the jury. Given the scope of materials reviewed and discussed in the

3

report signed by Jacob Fischer [ECF No. 72-1], including the police report; the Simpson, Rhinehart, Murphy, Louis-Jean, Moore and Spaulding testimony; physical evidence from the accident scene; and some of Plaintiff's medical records, FRE 702(b)-(d) is met. Similarly, given the scope of the materials reviewed and discussed in the report signed by Mr. John Struble [ECF No. 72-2], including the police report; the testimony of Simpson, Murphy, Rhinehart, Louis-Jean, Moore and Spaulding; and an accident-site visit, FRE 702(b)-(d) is met. Finally, that the parties dispute how the accident occurred and how strong the impact of the contact was does not render the experts' opinions unreliable. The alleged failure to examine certain medical records also does not make the experts' opinions inadmissible.

The motion to preclude at [ECF No. 72] is denied.

Dated: Brooklyn, New York
December 27, 2022

*Vera M. Scanlon*
Vera M. Scanlon
United States Magistrate Judge